OPINION BY
MOULTON, J.:
Nicholas Coia appeals from the February 19, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas following a resentencing hearing pursuant to Commonwealth v. Batts, 620 Pa. 115, 66 A.3d 286 (2013) (“Batts /”). Coia was resentenced to life without parole on a conviction for first-degree murder, which he committed when he was 15 years old. Following the Pennsylvania Supreme *221 Court’s decision in Commonwealth v. Batts, — Pa. -, 163 A.3d 410, 2017 WL 2735411 (2017) (“Batts IF), we vacate the judgment of sentence and remand for resentencing.
On May 6, 2005, a jury convicted Coia of first-degree murder, robbery, possession of an instrument of crime (“PIC”), and conspiracy.[1] That same day, the trial court imposed the mandatory sentence of life imprisonment without the possibility of parole on the first-degree murder conviction and an aggregate consecutive 22½ to 45 years’ imprisonment on the remaining convictions. On December 22, 2009, this Court affirmed Coia’s judgment of sentence.
On January 21, 2010, Coia filed a petition for allowance of appeal with the Pennsylvania Supreme Court. The Supreme Court held the petition for allowance of appeal pending its decision in Batts I, in which it had agreed to address whether a life-without-parole sentence, imposed on a juvenile was unconstitutional,[2]
On June 25, 2012, the United States Supreme Court held in Miller v. Alabama that “mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishments.’” 567 U.S. 460, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012). On March 26, 2013, our Supreme Court issued its decision in Batts I, concluding that defendants who had been sentenced to a mandatory life-without-parole sentence and who were under the age of 18 at the time of the offense were entitled to a new sentencing hearing where the trial court would consider the appropriate, age-related factors set forth in Miller. Batts I, 66 A.3d at 297.
On August 28, 2013, the Supreme Court granted Coia’s petition for allowance of appeal, limited to the constitutional sentencing claim. The matter was remanded for a new sentencing hearing pursuant to Batts I.[3]
On February 19, 2015, following a two-day sentencing hearing, the trial court sentenced Coia to a term of life imprisonment without the possibility of parole on the first-degree murder conviction, a conseeu- *222 tive 10 to 20 years’ imprisonment on the robbery conviction, a consecutive 2½ to 5 years' imprisonment on the PIC conviction, and a’consecutive 10 to 20 years’ imprisonment on the criminal conspiracy conviction.
■ Coia‘filed a timely notice of appeal. He raises the following issues oh appeal:
Á. Did the sentencing court commit an abuse of discretion when resentencing [Coia] because it did not adequately consider the sentencing factors set forth in Miller v. Alabama?
B. Does the imposition of a life sentence without parole upon a juvenile violate Article 1, Section 13 of the Pennsylvania Constitution?
C. Did the'trial court commit an abuse of discretion when imposing sentence because the court failed to consider several mitigating factors and the sentence is excessive?
Coia’s Br. at 4 (full capitalization omitted).
Recently, in reviewing a post-Miller re-sentencing, our Supreme Court established several procedural safeguards designed to ensure that only the “rarest of juvenile offenders” receive a life-without-parole sentence. Batts II, 163 A.3d at 416, 2017 WL 2735411, at *1. First, the Court concluded that trial courts must apply a presumption against the imposition -of a life-without-parole ' sentence for juvenile offenders. Id. Second, it held that the Commonwealth bears the burden of-rebutting this presumption by establishing beyond a reasonable doubt that the juvenile offender is “permanently incorrigible;” and “incapable of rehabilitation.” Id. Third, it required the Commonwealth to provide reasonable notice to the defendant of its intent to seek a sentence of life without parole. Id. at 455-56, at *34.
The defendant in Batts was convicted of first-degree murder, attempted murder, and aggravated assault. On October 22, 2007, the trial court sentenced Batts to “the then-mandatory term df life in prison without the possibility of parole” for the first-degree murder conviction and a concurrent term of 6 to 20 years’ imprisonment for the attempted murder conviction. Id. at 419-20, at *4. On appeal, Batts argued, in part, that his mandatory, life-without-parole sentence was unconstitutional. Id, Following Miller, which was decided while Batts’ appeal was pending, our Supreme Court vacated Batts’ judgment .of sentence and remanded for a re-sentencing hearing in which the trial court could consider the appropriate age-related factors prior to imposing sentence. Batts I, 66 A.3d at 297, 299.
Following remand, the trial court again sentenced Batts to .a life-without-parole sentence for the first-degree murder conviction, and Batts again appealed.
In Butts II, our Supreme Court heard Batts’ appeal from his post-Miller resentencing. It first established the standard of review when such'resentencings result in re-imposition of life without parole:
Under Miller and Montgomery[v. Louisiana, — U.S. —, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) ], a sentencing court has no discretion to sentence a juvenile offender to life without parole unless it finds that the deféndant is one of the “rare’.’ and “uncommon” children possessing the above-stated characteristics, permitting its imposition. Montgomery, 136 S.Ct. at 726, 734; Miller, 567 U.S. at 479, 132 S.Ct. 2455; see Graham, 560 U.S. at 73, 130 S.Ct. 2011; Roper[v. Simmons], 543 U.S. [551,] 572-73, 125 S.Ct. 1183, 161 L.Ed.2d 1 [ (2005) ]. A sentence of life in prison without the possibility of parole for a murder committed when the defendant was a juvenile is otherwise disproportionate and *223 unconstitutional under the Eighth Amendment. Montgomery, 136 S.Ct. at 734, 735.
Thus, in the absence of the sentencing court reaching a conclusion, supported by competent evidence, that the defendant -will forever be incorrigible,' without any hope for rehabilitation, a life-without-parole sentence imposed on a juvenile is illegal, as it is beyond the court’s power to impose. See [Commonwealth v.] Vasquez, 560 Pa. 381, 744 A.2d [1280,] 1282 [ (2000) ]; [Commonwealth v.] Shiffler, 583 Pa. 478, 879 A.2d [185] 189 [ (2005) ]; In re M.W., 555 Pa. 505, 725 A.2d [729,] 731 [ (1999) ]. As stated by the Montgomery Court, “when a State enforces a proscription-or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful.” Montgomery, 136 S.Ct. at 729-30. As such, we must review the sentencing court’s legal conclusion that Batts is eligible to receive a sentence of life without parole pursuant to a de novo standard and plenary scope of review. Commonwealth v. McClintic, 589 Pa. 465, 909 A.2d 1241, 1245 (2006). Because this legal conclusion is premised upon the presentation of testimony and the sentencing court’s credibility determinations, it presents a mixed question of fact and law. In such circumstances, we defer to the findings of fact made, by the sentencing court as long, as they are supported by competent evidence, but give no deference to that court’s legal conclusions. Pennsylvania Nat. Mut. Cas. Ins. Co. v. St. John, 630 Pa. 1, 106 A.3d 1, 13 (2014); Commonwealth v. James, 620 Pa. 465, 69 A.3d 180, 186 (2013); Commonwealth v. Spotz, 610 Pa. 17, 18 A.3d 244, 259 (2011); In re Condemnation by Urban Redevelopment Auth. of Pittsburgh, 590 Pa. 431, 913 A.2d 178, 183 (2006).
Batts II, 163 A.3d at 435-36, 2017 WL 2735411, at *18.[4]
The Supreme Court also noted that following Miller and Montgomery,[5] ,“[t]he General Assembly has not taken any appreciable steps to create a separate sentencing statute or to revise the existing law so that it applies to juveniles convicted of first-degree murder prior to Miller.” Batts II, 163 A.3d at 450-51, 2017 WL 2735411, at *30. As a result, and in light of the hundreds of pending post-Montgomery resentencings, “[i]t is abundantly clear that the exercise of our constitutional authority is required to set forth the manner in which resentencing will proceed in the courts of this Commonwealth.” Id.
The Court concluded that “a faithful application of the holding in Millar, as clarified in Montgomery, requires the creation of a presumption against sentencing a juvenile offender to life in prison without the possibility of parole.” Batts II, 163 A.3d at 452, 2017 WL 2735411, at *31. The Court reasoned:
Miller’s holding, “that life without parole is an excessive sentence for children whose crimes reflect transient-immaturity,” is a “substantive rule of constitutional law.” Montgomery, 136 S.Ct. at 735. This, according to Montgomery, means that only “the rarest of juvenile offenders” are eligible to receive a sentence of life'without the possibility of parole. Id. Only in “exceptional circum *224 stances” will life without the possibility' of parole be a proportionate sentence for a juvenile. Id. at 736. Thus, there can be no doubt that pursuant to established Supreme Court precedent, the ultimate fact here (that an offender is capable of rehabilitation and that the crime was the result of transient immaturity) is connected to the basic fact (that the offender is under the age of eighteen).
Id. at 452, at *31 (footnote omitted).
Further, the Court placed the burden for rebutting this presumption on the Commonwealth, holding that “to overcome the presumption against the imposition of a sentence of life without parole for a juvenile offender, the Commonwealth must prove that the juvenile is constitutionally eligible for the sentence beyond a reasonable doubt.” Id. at 455, at *34. Accordingly, to rebut the presumption, the Commonwealth must prove, “beyond a reasonable doubt, that the juvenile offender is permanently incorrigible and thus is unable to be rehabilitated.” Id. at 459, at *37.[6] The Court further noted that if the Commonwealth intends to seek a life-without-parole sentence, it must provide reasonable notice to the defendant, before the sentencing hearing. Id. at 455-56, at *34.[7]
Here, the trial court resentenced Coia to a life-without-parole sentence for the first-degree murder conviction following a re-sentencing hearing in which it received testimony from an expert for Coia and an expert for the Commonwealth. The trial court also considered the age-related factors as dictated by our Supreme Court in Batts I. It did not, however, apply the later-established presumption against the imposition of a life-without-parole sentence or require the Commonwealth to rebut that presumption with evidence establishing beyond a reasonable doubt that Coia is “permanently incorrigible” and “unable to be rehabilitated.” Batts II, 163 A.3d at 458-59, 2017 WL 2735411, at *37.
Accordingly, we vacate the judgment of sentence and remand this case to the trial court for resentencing in light of Batts II.[8]
Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.[9]

. 18 Pa.C.S, §§ 2502(a), 3701(a)(1)(i), 907(a), and 903, respectively.

. In Batts I, the Supreme Court had “reserved consideration” of the issue raised in the petition for allowance of appeal "pending disposition of Graham v. Florida, 556 U.S. 1220, 129 S.Ct. 2157, 173 L.Ed.2d 1155 (2009), and Sullivan v. Florida, 556 U.S. 1221, 129 S.Ct. 2157, 173 L.Ed.2d 1155 (2009).” Batts I, 66 A.3d at 290. Further,
[a]fter the Supreme Court decided Graham v. Florida, 560 U.S. 48, 79-81, 130 S.Ct. 2011, 2033, 176 L.Ed.2d 825 (2010), which held that imposition of a sentence of life imprisonment without the possibility of parole on juvenile non-homicide offenders violated the Eighth Amendment, the parties filed substantive briefs addressing the federal constitutional issues. In addition, for the first time, Appellant also included a separate argument concerning the constitutionality of his sentence under Article 1, Section 13 of the Pennsylvania Constitution, which prohibits “cruel punishments,” Pa. Const. art. I, § 13, Following oral arguments, th[e Supreme] Court again reserved consideration, this time pending disposition of Miller v. Alabama and Jackson v. Hobbs, which were to be argued in tandem. See Miller v. Alabama, 565 U.S. 1013, 132 S.Ct. 548, 181 L.Ed.2d 395 (2011) (per curiam); Jackson v. Hobbs, 565 U.S. 1013, 132 S.Ct. 548, 181 L.Ed.2d 395 (2011) (per curiam). The United States Supreme Court issued a deeply divided decision in those cases in June 2012. See Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
Id. (footnote omitted).

.Because the Honorable Renee Cardwell Hughes had retired, the matter was trans- ' ferred to the Honorable Sandy L. V; Byrd following remand.

. The Supreme Court concluded th.at, based on the evidence received at the resentencing hearing, the sentence imposed upon Batts after resentencing was illegal., Batts II, 163 A.3d at 438-39, 2017 WL 2735411, at *21.

. In Montgomery, the United States Supreme Court held that its decision in Miller "announced a substantive rule of constitutional law” and applied retroactively to cases on collateral review. 136 S.Ct. at 734.

. The Court noted:
To protect youthful offenders from erroneous decisions that foreclose their ability to ever be released from prison, the Supreme Court therefore held that a sentence of life without parole is disproportionate and illegal for a juvenile offender unless that defendant “exhibits such irretrievable depravity that rehabilitation is impossible.' ”
Batts II, 163 A.3d at 455, 2017 WL 2735411, at *33 (quoting Montgomery, 136 S.Ct. at 733) (emphasis in original).

. The Supreme Court further concluded that expert testimony would not be required to rebut the presumption against permanent incorrigibility beyond a reasonable doubt, but noted that ”[g]iven the presumption against life without parole and the Commonwealth’s burden beyond a reasonable doubt to rebut the presumption, it is difficult to conceive of a case where the Commonwealth would not proffer expert testimony and where the sentence would not find expert testimony to be necessary.” Batts II, 163 A.3d at 456, 2017 WL 2735411, at *34.

. Because we have vacated Coia's sentence, we need not reach the remaining issues raised on appeal, including whether imposition of a life-without-parole sentence violated Article I, Section 13 of the Pennsylvania Constitution.

. Coia’s application for post-submission communication is denied as moot.