J-A31016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY M. ROMANELLI | |
| Appellant | No. 2114 EDA 2015 |

Appeal from the Judgment of Sentence May 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0300422-2005

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED AUGUST 21, 2017**

Anthony M. Romanelli appeals from the May 29, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas following a resentencing hearing pursuant to **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013) ("**Batts I**").  The trial court resentenced Romanelli to life in prison without parole on a conviction for second-degree murder, which he committed when he was 17 years old.  Following the Pennsylvania Supreme Court's decision in **Commonwealth v. Batts**, __ A.3d ___, 2017 WL 2735411 (Pa. June 26, 2017) ("**Batts II**"), we vacate the judgment of sentence and remand for resentencing.

_____

[*] Former Justice specially assigned to the Superior Court.

On November 30, 2006, a jury convicted Romanelli of second-degree murder, robbery, aggravated indecent assault, burglary, and conspiracy.[1] On February 2, 2007, the trial court sentenced Romanelli to the then-mandatory sentence of life imprisonment without the possibility of parole for the second-degree murder conviction and a consecutive term of 10 to 20 years' imprisonment for the conspiracy conviction. On March 1, 2010, this Court affirmed his judgment of sentence. On June 27, 2013, the Pennsylvania Supreme Court vacated Romanelli's life-without-parole sentence and remanded for resentencing.

On May 29, 2015, the trial court held a sentencing hearing and again sentenced Romanelli to life imprisonment without the possibility of parole for the second-degree murder conviction and a consecutive term of 10 to 20 years' imprisonment for the conspiracy conviction. Romanelli filed a post-sentence motion, which the trial court denied on June 23, 2015. On July 9, 2015, Romanelli filed a timely notice of appeal.

Romanelli raises the following issues on appeal:

> 1. Is it unconstitutional to sentence a juvenile convicted of second degree murder to life imprisonment without the possibility of parole?
>
> 2. Absent a finding that a juvenile is permanently incorrigible, is it unconstitutional to sentence a juvenile to life imprisonment without the possibility of parole?

---

[1] 18 Pa.C.S. §§ 2502(b), 3701(a)(1), 3125, 3502(a), and 903, respectively.

3. Under the circumstances of this case, was it unconstitutional to sentence Anthony Romanelli to life imprisonment without the possibility of parole?

Romanelli's Br. at 3 (suggested answers omitted).

A claim that a juvenile defendant was sentenced to life imprisonment without the possibility of parole absent a finding that he "will forever be incorrigible, without any hope for rehabilitation" challenges the legality of the sentence. *Batts II*, 2017 WL 2735411, at *18. Our standard of review is *de novo*, and our scope of review is plenary. *Id.*

In reviewing a post-*Miller*[2] resentencing, our Supreme Court recently "established several procedural safeguards designed to ensure that only the 'rarest of juvenile offenders' receive a life-without-parole sentence." *Commonwealth v. Coia*, ___ A.3d ____, 2017 WL 3223019, at *2 (Pa.Super. July 31, 2017) (quoting *Batts II*, 2017 WL 2735411, at *1). This Court has summarized the procedural safeguards as follows:

> First, the [Supreme] Court concluded that trial courts must apply a presumption against the imposition of a life-without-parole sentence for juvenile offenders. [*Batts II*, 2017 WL 2735411, at *1.] Second, it held that the Commonwealth bears the burden of rebutting this presumption by establishing beyond a reasonable doubt that the juvenile offender is "permanently incorrigible" and "incapable of rehabilitation." *Id.* Third, it required the Commonwealth to provide reasonable notice to the defendant of its intent to seek a sentence of life without parole. *Id.* at *34.

---

[2] *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012).

***Id.***[3]

Here, the trial court resentenced Romanelli to a life-without-parole sentence for the second-degree murder conviction following a resentencing hearing. The trial court considered the age-related factors as dictated by our Supreme Court in ***Batts I***. It did not, however, apply the later-established presumption against the imposition of a life-without-parole sentence or require the Commonwealth to rebut that presumption with evidence establishing beyond a reasonable doubt that Romanelli is "permanently incorrigible" and "unable to be rehabilitated." ***Batts II***, 2017 WL 2735411, at *37.

Accordingly, we vacate the judgment of sentence and remand this case to the trial court for resentencing in light of ***Batts II***.[4]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

_____

[3] The Supreme Court further concluded that expert testimony would not be required to rebut the presumption against permanent incorrigibility beyond a reasonable doubt, but noted that "[g]iven the presumption against life without parole and the Commonwealth's burden beyond a reasonable doubt to rebut the presumption, it is difficult to conceive of a case where the Commonwealth would not proffer expert testimony and where the sentence would not find expert testimony to be necessary." ***Batts II***, 2017 WL 2735411, at *34.

[4] Because we have vacated Romanelli's judgment of sentence, we need not reach the remaining issues raised on appeal, including whether imposition of a life-without-parole sentence on a juvenile convicted of second-degree murder is unconstitutional.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017