J-A24020-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEAUNTAY DONTAZ MOYE | |
| Appellant | No. 1924 WDA 2016 |

Appeal from the Judgment of Sentence Dated December 9, 2016
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000486-2015

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

JUDGMENT ORDER BY SOLANO, J.: FILED SEPTEMBER 29, 2017

Appellant Deauntay Dontaz Moye appeals from the judgment of sentence of life imprisonment without parole, which was imposed on December 2, 2016, after Moye pleaded guilty to criminal homicide[1] and other offenses.[2] Moye was sixteen-years-old at the time he committed the crimes. After careful review, we vacate the judgment of sentence and remand for resentencing.

---

[1] 18 Pa.C.S. § 2501(a).

[2] The other offenses were robbery during which there was infliction of serious bodily injury, carrying a firearm without license, criminal use of a communication facility, conspiracy — manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, abuse of a corpse, cruelty to animals by maiming a domestic animal, unauthorized use of a motor or other vehicle, and possession of a firearm by a minor. See 18 Pa.C.S. §§ 3701(a)(1)(i), 6106(a)(1), 7512(a), 903, 5510, 5511(a)(1)(i), 3928(a), and 6110.1(a), respectively.

Due to our disposition, we need not restate the facts underlying Moye's convictions. On December 20, 2016, Moye filed this timely direct appeal in which he raises seven issues that assert that the trial court erred by imposing a sentence of life imprisonment without parole. Appellant's Brief at 8-10.

Moye contends that "the trial court failed to properly consider [his] age at the time of the instant offense," Appellant's Brief at 20, pursuant to Miller v. Alabama, 567 U.S. 460, 465 (2012), which held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" In support, Moye quotes from the statement in Miller that "juveniles have diminished culpability and greater prospects for reform" in light of —

> three significant gaps between juveniles and adults. First, children have a lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking. Second, children are more vulnerable to negative influences and outside pressures, including from their family and peers; they have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings. And third, a child's character is not as well formed as an adult's; his traits are less fixed and his actions less likely to be evidence of irretrievable depravity.

Appellant's Brief at 20-21 (quoting Miller, 567 U.S. at 471 (internal brackets, citations, quotation marks, and some punctuation omitted)).

Moye argues that his "age made him more impulsive and vulnerable to family and peer pressures than an adult" and contends "that his background

- 2 -

and its impact upon him are precisely the set of circumstances contemplated" in Miller. Appellant's Brief at 21-22. According to Moye, his "circumstances" include: (1) at a young age, he "was put on the street as a 'corner boy' to sell drugs"; (2) he moved from an urban area to "a very rural town"; (3) after this move, he was "a young African-American child . . . in a county that is over ninety-five percent Caucasian"; (4) he "was removed from his home through a dependency action and was placed in a children's home"; (5) he "witnessed domestic violence in the household"; (6) he "began to use controlled substances on a daily basis by age thirteen"; (7) he "lack[ed] supervision"; and (8) he "excelled" when "placed in Outside In," a health and social services youth program, but "regressed" once "return[ed] to his unstable home." Id. (citing N.T., 12/2/16, at 36-38).

The Commonwealth argues that the trial court "had the opportunity to consider the factors . . . in Miller." Commonwealth's Brief at 25. The Commonwealth continues:

> [Moye] attempts to find support for his position in Miller. However, the Miller decision was based on a state statute that made it mandatory for judges to sentence certain offenders to life without parole, while denying a sentencing court the opportunity to take into consideration a juvenile defendant's age, immaturity and other factors associated with youth that a juvenile defendant does not have control over. The underlying basis for the Miller decision is simply not applicable in [Moye]'s situation.

Id. The trial court did not address Moye's Miller claim in its opinion.

Pursuant to Commonwealth v. Batts, 66 A.3d 286, 294-96 (Pa. 2013) [hereinafter Batts I], a juvenile may be sentenced to life without

parole only if the trial court considers the appropriate age-related factors detailed in *Miller*. The trial court sentenced Moye under a provision of the Crimes Code, 18 Pa.C.S. § 1102.1(d)(7),[3] that was enacted after the *Miller* decision to provide that age-related factors be taken into account. However, on June 26, 2017, after Moye's sentencing hearing, our Supreme Court decided a second appeal in *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) [hereinafter *Batts II*], in which it required additional safeguards beyond those in Section 1102.1:

> [T]o effectuate the mandate of *Miller* and *Montgomery* [v. *Louisiana*, 136 S.Ct. 718 (2016)], procedural safeguards are required to ensure that life-without-parole sentences are meted out only to "the rarest of juvenile offenders" whose crimes reflect "permanent incorrigibility," "irreparable corruption" and "irretrievable depravity," as required by *Miller* and *Montgomery*. . . . [W]e recognize a presumption against the imposition of a sentence of life without parole for a juvenile offender. To rebut the presumption, the Commonwealth bears

_____

[3] Section 1102.7(d) provides:

> In determining whether to impose a sentence of life without parole . . ., the court shall consider and make findings on the record regarding the following:
> . . .
> (7) Age-related characteristics of the defendant, including:
>     (i) Age.
>     (ii) Mental capacity.
>     (iii) Maturity.
>     (iv) The degree of criminal sophistication exhibited by the defendant.
>     (v) The nature and extent of any prior delinquent or criminal history, including the success or failure of any previous attempts by the court to rehabilitate the defendant.
>     (vi) Probation or institutional reports.
>     (vii) Other relevant factors.

the burden of proving, beyond a reasonable doubt, that the juvenile offender is incapable of rehabilitation.

Id. at 415-16. The Supreme Court vacated Batts' sentence and remanded for a new sentencing hearing. Id. at 460.

Here, although the trial court considered the age-related factors set forth in Miller, Batts I, and 18 Pa.C.S. § 1102.1(d)(7), it did not have the benefit of our Supreme Court's decision in Batts II, which established a rebuttable presumption against a sentence of life without parole for a juvenile offender. Thus, we vacate Moye's judgment of sentence and remand for further proceedings consistent with Batts II. See Commonwealth v. Coia, ___ A.3d ___, 2017 WL 3223019 at *4 (Pa. Super. July 31, 2017) (vacating judgment of sentence imposed after trial court held resentencing hearing under Batts I and remanding for new sentencing hearing to comply with Batts II).

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/29/2017

- 5 -