J-S46041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FLECIA HARVEY | : | |
| | : | |
| Appellant | : | No. 1314 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 29, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-SA-0000114-2021

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: March 8, 2024**

Flecia Harvey ("Harvey") appeals from the judgment of sentence imposed following this Court's prior decision affirming her conviction for a summary offense of criminal mischief,[1] but remanding to the trial court for a determination of restitution.  ***See Commonwealth v. Harvey***, 845 WDA 2021, 2022 WL 1438751, at *3 (Pa. Super. 2022) (unpublished memorandum).  We affirm the trial court's determination of the amount of the restitution, but vacate the judgment of sentence and remand for further proceedings consistent with this decision.

As noted in our prior decision, this appeal arises from the following facts:

[I]n February [] 2021, Harvey, while operating a snow blower to clear her driveway, rammed the snow blower into the vinyl fence belonging to her neighbors, Ramin and Holly Fashandi [("Ramin" or "Holly," respectively, or, collectively, "the Fashandis")].  When

---

[1] ***See*** 18 Pa.C.S.A. § 3304.

Ramin confronted Harvey, she disregarded him. The fence was damaged.

*Id*. at *1.

The section of the fence Harvey damaged with the snow blower ("the February 2021 damage") had been previously damaged in 2020 by Harvey's partner, Veronica Rutherford ("the 2020 damage"). **See id**. at *2-3 and n.6; **see also** N.T., 9/29/22, at 22.[2] The Fashandis had obtained an estimate to repair the fence for $1,228 in May 2020 ("the May 2020 estimate"), but they did not repair the fence before Harvey caused the February 2021 damage. **See** N.T., 9/29/22, at 24-25.

Following her conviction on summary charges in the magisterial district court, Harvey appealed to the court of common pleas, and the trial court held a trial *de novo*. The trial court found Harvey guilty of criminal mischief and ordered her to pay, *inter alia*, restitution of $1,228, *i.e.*, the amount of the May 2020 estimate, to the Fashandis. Harvey appealed, and this Court affirmed her conviction, vacated the order for restitution, and remanded for "a determination of the proper amount, if any, of restitution for fence damage that is directly related to the [February 2021 damage]." **See Harvey**, 2022 WL 1438751, at *3.

---

[2] In our prior decision, we noted that Veronica Rutherford ("Rutherford") may have previously damaged the Fashandis' fence with her vehicle ("the Rutherford incident"). **See Harvey**, 2022 WL 1438751, at *3 n.6. Upon remand, Holly testified briefly about the 2020 damage caused by Rutherford when Rutherford drove her car into the fence. **See** N.T., 9/29/22, at 22.

Upon remand, the trial court held a hearing at which Ramin testified that the Fashandis were unable to obtain an updated estimate to repair the fence based on February 2021 damage. Ramin explained:

When I contacted [the company] again for another estimate, they asked if it was the same section of fence they had given me one [for the 2020 damage]. And I had told them, yes, it is; **now, with damage to slats**. **But I actually had left[]over slats from when the fence was installed**. And he told me that I could use the same estimate.

**See** N.T., 6/28/22, at 13 (emphasis added). The trial court, over Harvey's objection,[3] continued the hearing for the Fashandis to obtain a new estimate to repair the fence.

The trial court reconvened the hearing in September 2022, and the Commonwealth presented the court with photographs purporting to show difference between the prior 2020 damage and the February 2021 damage caused by Harvey. **See** N.T., 9/29/22, at 14, 23-24, 26-27, 30. The Commonwealth also offered into evidence a new estimate, obtained by the Fashandis in July 2022, to repair the fence for $1,510 ("the July 2022 estimate"). **See id**. at 16. Ramin testified that the May 2020 estimate contemplated reusing the existing slats of the fence, but Harvey damaged the slats. **See id**. at 37-38. Ramin further explained that he had been willing to supply leftover slats to repair the fence, but he then used the leftover slats on a different project. **See id**. at 30-31; **see also id**. at 33 (indicating Ramin's testimony that the July 2022 estimate included $348 to replace the existing

_____

[3] Harvey appeared *pro se* at this hearing.

- 3 -

thirty feet of slats on the fence). The Commonwealth requested restitution based on the $282 difference between the July 2022 and February 2020 estimates. *See id*. at 17, 26. Harvey, who appeared at the second hearing with counsel, objected to the Commonwealth's request and asserted that the difference between the estimates did not accurately measure the increased cost of repairs for the February 2021 damage she caused. *See id*. at 26; *see also id*. at 42 (indicating that Harvey's counsel argued that the only reason for the price increase between the May 2020 and July 2022 estimates was inflation). At the conclusion of the hearing, the trial court stated that the Commonwealth established a right to restitution in the amount of $282, the Fashandis were "being reasonable," and they were entitled to that amount pursuant to this Court's remand order. N.T., 9/29/22, at 41-42. The trial court entered a revised sentencing order on September 29, 2022, for Harvey to pay $282 restitution to Ramin.[4] Harvey timely appealed, and both she and the court complied with Pa.R.A.P. 1925.[5]

_____

[4] The trial court's docket indicates that the clerk of the court mistakenly docketed the September 29, 2022 revised sentencing order as being filed on September 27, 2022.

[5] Harvey initially filed a *pro se* Rule 1925(b) statement, and the trial court issued a responsive opinion. This Court subsequently granted Harvey's new counsel's motion for remand to file a counseled Rule 1925(b) statement. Counsel filed an amended Rule 1925(b) statement, and the trial court filed an amended opinion in May 2023.

Harvey raises the following issue for our review:

Did the trial court abuse its discretion in ordering $282.00 in restitution as that amount was speculative, excessive and not directly related to the crime at issue?

Harvey's Brief at 4 (some capitalization omitted).

The following principles govern our review from a challenge to the imposition of restitution as part of a sentence. "[T]he primary purpose of restitution is rehabilitation of the offender by impressing upon [her] that [her] criminal conduct caused the victim's loss or personal injury and that it is [her] responsibility to repair the loss or injury as far as possible." *Commonwealth v. Solomon*, 247 A.3d 1163, 1170 (Pa. Super. 2021) (*en banc*) (internal citation and quotations omitted); *see also* 18 Pa.C.S.A. § 1106(c)(1) (requiring the court to order "full restitution . . . so as to provide the victim with the fullest compensation for the loss"). As it relates to property damage, restitution "can be made by either the return of the original property or the payment of money necessary to replace, or to repair the damage to, the property." *Solomon*, 247 A.3d at 1170 (internal citation and quotations omitted). Challenges to a restitution order may go to the legality of the sentence, *i.e.*, the trial court's statutory authority to impose restitution under section 1106(c)(1), or the discretionary aspects of the sentence, *i.e.*, the trial court's determination of the amount of restitution. *See Commonwealth v. Weir*, 239 A.3d 25, 38 (Pa. 2020).

A defendant's "discontent with the amount of restitution and the evidence supporting it is a challenge to the sentencing court's exercise of

discretion" and constitutes a challenge to the discretionary aspects of the sentence. *Id*. When a court imposes restitution as part of a sentence, "there must be a direct nexus between the restitution ordered and the crime for which the defendant was convicted." *Solomon*, 247 A.3d at 1170 (internal citation and quotations omitted). "[D]amages which occur as a direct result of the crimes are those which would not have occurred but for the defendant's criminal conduct." *Commonwealth v. Poplawski*, 158 A.3d 671, 674 (Pa. Super. 2017) (internal citation omitted).

An appellant seeking to challenge the amount of restitution as excessive or unreasonable must invoke this Court's jurisdiction to consider the discretionary aspects of the amount of restitution by: (1) preserving her claims at the time of sentencing or in a post-sentence motion, (2) filing a timely notice of appeal, (3) including a statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in her brief, and (4) raising a substantial question for review. *See Solomon*, 247 A.3d at 1167.

Here, Harvey did not file a post-sentence motion; however, she preserved her issues by objecting and raising them at the hearing upon remand. *See* N.T., 9/29/22, at 26, 42.[6] Harvey has also timely appealed and

---

[6] Pennsylvania Rule of Criminal Procedure 720(D) prohibits post-sentence motions following a trial *de novo* in a summary appeal case. However, an appellant must still preserve issues in the trial court that can be properly raised without a post-sentence motion. *See Commonwealth v. Dougherty*, 679 A.2d 779, 784 n.3 (Pa. Super. 1996); *accord Commonwealth v. Giordano*, 2118 EDA 2020, 2021 WL 4440540, at *5 (Pa. Super. 2021) *(Footnote Continued Next Page)*

included in her brief a Rule 2119(f) statement. Her issue concerning the amount of restitution raises a substantial question. *See Solomon*, 247 A.3d at 1167. Therefore, we will address the merits of Harvey's issues concerning the amount of restitution.

In reviewing a challenge to the discretionary aspects of restitution, we are mindful that, to prevail, the appellant must demonstrate that the sentencing court abused its discretion:

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [the a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Discretion is abused in ordering speculative or excessive restitution or entering a restitution award not supported by the record.

*Solomon*, 247 A.3d at 1168 (internal citations and quotations omitted). When an issue presents a mixed question of fact and law, we defer to the findings of fact made by the sentencing court as long as they are supported by competent evidence, but give no deference to that court's legal conclusions. *See Commonwealth v. Coia*, 168 A.3d 219, 223 (Pa. Super. 2017).

Harvey asserts that the trial court abused its discretion because the evidence was insufficient to establish the cost to repair the damage she caused

---

(unpublished memorandum) (finding a discretionary aspect of sentencing issues in a summary case waived where Giordano did not object or raise his issues at sentencing); Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

to the fence. Harvey's Brief at 26. She emphasizes the following: the fence already required repair of the 2020 damage; the Fashandis did not repair the fence before the February 2021 damage she caused; and the damage she caused did not increase the cost of the repair of the 2020 damage. *See id*. at 19-22. Harvey asserts that the Commonwealth failed to establish that $282 difference between the May 2020 and July 2022 estimates reflected the additional damage she caused. *See id*. at 26-27. She concludes that the February 2021 damage did not require any changes to the work needed to repair the 2020 damage to the fence, and any increase in the estimate between the May 2020 and July 2022 estimates reflected the cost of inflation in the two years between the estimates. *See id*. at 23.

The trial court explained that it accepted the $282 difference between the May 2020 and July 2022 estimates as a reasonable and proper measure of restitution because the Fashandis testified that Harvey caused additional damage to the fence. *See* Trial Court Opinion, 5/22/23, at 2. The court noted that there was no competent evidence supporting Harvey's assertion that the increase between the May 2020 and the 2022 estimates only reflected cost of inflation. *See id*.

Our review of the record establishes that the Commonwealth presented evidence that the February 2021 damage Harvey caused to the fence was separate from, and additional to, the pre-existing 2020 damage. *See* N.T., 9/29/22, at 25-28. The testimony and exhibits demonstrated that the repairs of the 2020 damage contemplated reusing the slats still on the damaged

fence; however, because Harvey damaged the bottom portion of the slats, the repair of the February 2021 damage required new slats. *See id*. at 35-36. Ramin testified that the cost of the new slats was $348, but stated he and Holly were willing to accept the lesser amount of restitution of $282 based on the difference between May 2020 and July 2022 estimates. *See id*. at 33, 35.

Based on the foregoing record, we discern no abuse of discretion in the trial court's decision to impose the $282 difference between the May 2020 and July 2022 estimates as restitution. *See Solomon*, 247 A.3d at 1168. The court credited the Fashandis' testimony that Harvey caused separate and additional damage to the fence and reasonably concluded that, but-for the February 2021 damage Harvey caused, the Fashandis would not have had to use new slats. Thus, there was a sufficient nexus between Harvey's offense and the loss suffered by the Fashandis. *See id*., 247 A.3d at 1170; *Poplawski*, 158 A.3d at 674. Furthermore, we discern no merit to Harvey's assertion that the $282 amount of restitution was speculative or excessive. Although there were discrepancies between Ramin's testimony that new slats would cost $348 and the increase of $282 between the May 2020 and July 2022 estimates to repair the fence, the court, as the finder of fact, was entitled to resolve those conflicts in the evidence and we defer to those findings that were supported by competent evidence. *See Coia*, 168 A.3d at 223. Moreover, the trial court's decision to accept the lower amount of $282 was not unreasonable, speculative, or excessive. Similarly, the court was entitled to reject Harvey's assertions that the increase of $282 between the May 2020

and July 2022 estimate was based on factors, like inflation or pre-existing damage, that Harvey did not cause. Therefore, we affirm the trial court's determination of the amount of restitution.

This Court, however, recently held that the trial court's failure to specify the method of paying restitution at the time of sentencing renders a sentence illegal. **See Commonwealth v. Royal**, --- A.3d ---, ---, 2024 PA Super 29, 2024 WL 678060, at *6 (Pa. Super. 2024). Here, our review of the record reveals that, at the time of sentencing, the trial court did not specify the method of paying restitution, as the statute requires. **See id**. at *5-6; **see also** 18 Pa.C.S.A. § 1106(c)(2)(ii) (stating that "[a]t the time of sentencing the court **shall specify** the amount and **method** of restitution" and "[m]ay order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just") (emphasis added).

Accordingly, while we affirm the amount of restitution ordered by the trial court, we are constrained to vacate the judgment of sentence and remand for resentencing limited to the reimposition of $282 in restitution and an on-the-record specification of the method of payment. **See Royal**, 2024 WL 678060, at *6; **Commonwealth v. Muhammed**, 219 A.3d 1207, 1211-12 (Pa. Super. 2019) (noting that this Court may review, *sua sponte*, the legality of a sentence).

Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

 DATE: 03/08/2024